And at this time, we'll hear Nino v. Doenges. Good morning, Your Honors. May it please the Court, my name is Valerie Mays Keeney. And I represent the two appellants in this case, Oliver Dengas and Andres Sanchez. They are both Greenwich police officers in Greenwich, Connecticut. Why do we have jurisdiction over this case at all? You have jurisdiction, Your Honor, because there is an abstract issue of law involved in this case, namely the misapplication of the rule of Heil v. Santoro and the Trans-Orient Marine case by the district court, who heard the defendant's motion for a summary judgment by the way without oral argument, but did not apply the rule of that case correctly to the record and the record of this case, Your Honor. Under that rule, as the Court is aware, a party opposing summary judgment does not create a tribal issue by denying her previously sworn statements. And as the— It was a different proceeding. Excuse me, Your Honor? It was a different proceeding. It wasn't in this case. It wasn't a—technically, yes, it wasn't a different proceeding. It was a proceeding before the Connecticut Commission on Human Rights and Opportunities. This was a voluntary complaint that Ludus Nino, the plaintiff, filed. And if you notice, Your Honor, if you take a look at the actual complaint itself, that it's called a complaint affidavits that complainants file with that agency. It's an administrative agency similar to the EEOC, but the state agency for that purpose. And if the Court reviews the actual admission, it's an affidavit of illegal discriminatory practice that appears at A43 of the joint appendix. And it's a two-page—the heart of it is a two-page document. On page A44 of the joint appendix, it states, I, Ludus Nino, and she wrote her name, being the complainant herein, that she read the foregoing complaint and knows the content thereof, that the same is true of her own knowledge, accepted to the matter in, stated out information and belief, and as to these matters, believes the same to be true. And you can see below that that was subscribed and sworn to before a commissioner of the superior court. So that— But you're arguing that the judge was wrong to say that there's a genuine issue of material fact. That is correct, Your Honor. And that is because— Well, I said that there is a genuine issue of material fact, and the jurisdictional problem that was identified by Judge Pooler is that we don't review whether an issue of fact is genuine if the district court says that it is genuine. I have cited a court— We have very limited jurisdiction here. I mean, you may very well have a terrific summary judgment motion on the merits, but our discretion—we don't have any discretion here. This is jurisdictional. Well, this is an interlocutory appeal. That's correct, Your Honor, but there is an abstract issue of law presented, and that is the application of Heil v. Santoro that the court cited but did not apply to the case. So the defendants do dispute that there was a dispute of fact. Did Heil involve inconsistent statements within the same judicial action? I believe so, Your Honor, yes, but there is no authority cited by the district court that it does not apply when the sworn statement is made in a prior proceeding, and subsequently—it's not cited in my brief, but I believe the Second Circuit also has indicated in a footnote in a case where there was testimony prior to the litigation with respect to unemployment benefits, and a plaintiff in that case had testified a certain way in a proceeding before an administrative law judge about the unemployment benefits, and then in a subsequent proceeding, the court did—this court did cite in that case, and I refer to Pointe du Jure or Pointe du Jure v. Mount Sinai Hospital, 121 APPX, Federal Appendix 895 and Note 2, did reference in that case in a prior proceeding, if you will. So the district court cited no authority— Did we say what was said in the prior proceeding was dispositive and couldn't be contradicted? Yes, Your Honor, that's exactly what the rule of Heil— Judicial estoppel? It's—I'm not sure it's the same exact document—doctrine as judicial estoppel, but it is a judicial estoppel that in Trans-Orient Marine, the court used the term dispute. A triable issue of fact is not created by disputing—with a disputing your prior sworn statements. Don't these cases rely on a theory that a deposition is more reliable than an affidavit? No, Your Honor, I do not believe so. I believe they do. If you refer—I cite to a case from the Seventh Circuit, Your Honor, the Chaudhry v. Kesrayan case where Judge Posner— will usually be more reliable than his affidavit since the deponent was either cross-examined by opposing counsel or at least available to opposing counsel for cross-examination. Yes, Your Honor, that's in a different circumstance. Of the quite normal, if you will, circumstances that district courts probably run into every day and that is where there has been a deposition in the case, then the defendants file a motion for summary judgment. All of a sudden, plaintiff produces an affidavit that is at odds and contradicts the prior  Correct. That's a typical sham evidence. That is a typical sham evidence. But this is atypical. It is more—because it's a more— Because the deposition came after the affidavit. That's correct. That's right. It's a different— And it's viewed as more reliable. It's a different circumstance but not more reliable, Your Honor, because this is a more unusual circumstance. It's just read. It's just read from one of our cases will usually be more reliable than his affidavit. I believe that's in a circumstance, a typical circumstance where you have a summary judgment motion where an affidavit is filed by the non-moving party opposing the motion for summary judgment who was previously deposed and now you have an affidavit that's at odds with the previous deposition. Right. So this is the reverse order. But the words mean the same thing, that a deposition is more reliable than an affidavit. I don't think so, Your Honor. This is an affidavit, a sworn statement and it occurred earlier to the event and I would point to some authority cited by Judge Posner in that decision I just mentioned, Shashadri v. Kasraian, 130 F. 3rd, 798, cited in my brief. I believe it's at page 804 of that decision where Judge Posner's opinion is that earlier statements before the litigation, the district court litigation actually will have more conviction, more force, if you will, precisely because they occurred before the litigation. So Heil v. Santoro, there's no authority that it does not apply to the procedural circumstances of this case. The district court cited no authority in supposing that it did not apply. So that presents an abstract issue of law for this court to decide and based on that issue alone, Your Honor, the court should reverse the finding of the district court and find that there wasn't that summary judgment should be granted in favor of the defendants. In addition, the court did not consider the objective reasonableness of the defendant's actions, Your Honor, properly and that is another legal issue that's presented. Looking at the statement that was in the prior administrative filing, is it clear that that has to be construed as a voluntary consent to the officers entering the home? She said she permitted them to enter because she was in a state of shock. I believe it's a clear message that I granted them, they asked if they could come in and I granted them permission to come in. Isn't it a state of shock at the appearances of these officers at her door? So she stated that. Isn't there an issue there, a question that could be raised as to whether any consent was really voluntary? I do not believe so, Your Honor. She did state a reason for why she granted them permission to come in, but the important and dispositive fact is that she simply stated that maybe, Your Honor, but nonetheless, she simply . . . She was in shock? Couldn't it be argued it was not voluntary? Well, I think the point is the act itself . . . And it doesn't have to be voluntary to satisfy the exception to the Fourth Amendment requirement. I think, Your Honor, that the fact is the effect on the hearers, namely the defendants in this case, for whatever she was going through in her mind, the point is that she granted them permission to come in. That's what she said, and that, of course, is what they have said. The court was wrong to find that the plaintiff created a genuine dispute by her own later testimony. And, by the way, as argued in the reply brief, an objective officer, a reasonable officer, would believe under the circumstances presented in this case that there was implied consent. We are, of course, in a circumstance that is entirely divorced from . . . Those are factual issues that are not appropriate on this motion for summary judgment, this motion to reverse the grant of qualified immunity. We don't deal with the merits necessarily. We deal with whether we have jurisdiction and whether the defendants accept as true the plaintiff's statements. I think, Your Honor, that there is a de novo consideration of the motion for summary judgment, and the objective reasonableness of the defendant's actions is at the heart of the qualified immunity's consideration in a de novo review of the district court's ruling. So I think it's very important to consider that this entire encounter was health and safety related, entirely divorced from any question of detection or investigation of a crime. And the court's statement, rather categorical statement, that was clearly established under these particular factual circumstances was mistaken. These issues are not clearly established in this particular factual circumstance, and if the Court will allow me, I can cite to you . . . We do have the briefs. Okay, Your Honor. Thank you. Thank you very much. We'll reserve decision. The case of Chabaz v. Ezeo . . . Thank you. . . . is taken on submission. That's the last case on calendar. Please adjourn the Court.